IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ETHAN GUESS, ID # 07652-078, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:08-CV-1668-D (BH) |
| | ) | |
| DAVID BERKEBILE, | ) | Referred to U.S. Magistrate Judge |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

On September 22, 2008, while incarcerated in the Federal Correctional Institution in Seagoville, Texas (FCI Seagoville), Petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He also filed an application to proceed *in forma pauperis* without a proper certificate of inmate trust account. (*See* Doc. 2.) On September 27, 2008, the Court issued a *Notice of Deficiency and Order* advising petitioner that his application lacked the requisite six-month certificate of trust account. (*See* Doc. 3.) Petitioner was granted thirty days to cure the deficiency and warned that the failure to do so would result in a recommendation that his petition be dismissed for failure to prosecute. Petitioner did not file the certificate or pay the filing fee within thirty days. Accordingly, on November 4, 2008, this Court recommended that this action be dismissed for want of prosecution.

On November 10, 2008, the Court received petitioner's objection to the recommendation

1

that the action be dismissed on grounds that he never received the *Notice of Deficiency and Order*. Petitioner requested that he be given thirty days to cure the deficiency by either submitting the certificate of trust account or paying the filing fee. The District Judge re-referred this action for further proceedings on November 14, 2008, and on November 17, 2008, this Court issued a *Second Notice of Deficiency and Order*. The second notice provided petitioner twenty days to cure the deficiency and again warned that the failure to do so would result in a recommendation that his petition be dismissed for failure to prosecute. Despite petitioner's acknowledgment in his objections of the deficiency of his motion, and despite the second notice of deficiency, he has not filed a certificate of trust account or paid the filing fee as of this date.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Because Petitioner failed to comply with the order of September 27, 2008, that he file a certificate of trust account within thirty days, the Court should dismiss this action without prejudice for failure to prosecute.

## III. RECOMMENDATION

The Court should dismiss this action without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

SIGNED this 15th day of December, 2008.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE